UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY CHARLES THOMPSON,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:16-cv-05442-KLS

ORDER GRANTING DEFENDANT'S
CONVERTED MOTION FOR SUMMARY
JUDGMENT

This matter is before the Court on defendant's converted motion for summary judgment under Federal Rule of Civil Procedure (FRCP) 56. Dkt. 10. Defendant originally filed a motion to dismiss under FRCP 12(b)(6), or in the alternative under FRCP 56, arguing plaintiff's complaint should be dismissed as untimely. *Id.* Because defendant included matters outside the pleadings that the Court found necessary to consider prior to ruling on defendant's motion, that motion was converted to a motion for summary judgment, and plaintiff was given an opportunity to present any additional material he deemed pertinent to the converted motion. Dkt. 11. As the time for presenting such material has passed, this matter is ripe for consideration. For the reasons set forth below, the Court agrees with defendant that plaintiff's complaint should be dismissed as untimely.

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(c). In deciding whether summary judgment should be granted, the

ORDER - 1

Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in FRCP 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id.* The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv.*, 809 F.2d at 630.

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (quoting *Anderson*, 477 U.S. at 290); *California Architectural Building Prods.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

ORDER - 2

A civil action seeking judicial review of a final decision of the Commissioner "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's [(ALJ's)] decision or notice of the decision by the Appeals Council is received by" the claimant, unless "extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The date of receipt of the notice of the decision of the Appeals Council by the claimant or the claimant's representative is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*; 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. § 404.1715(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.").

"The 60–day period is not jurisdictional, but instead constitutes a statute of limitations." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Because "it is a condition on the waiver of sovereign immunity," the 60-day period "must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *see also Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (action commenced two days late properly dismissed); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit") (citations omitted); *O'Neill v. Heckler*, 579 F.Supp. 979, 980-81 (E.D. Pa. 1984) ( "Even one day's delay in filing the action is fatal") (citation omitted).

In this case, the ALJ issued his unfavorable decision on October 15, 2015. Dkt. 10-1, pp. 6-21. In a Notice of Appeals Council Action dated March 30, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, and informed plaintiff that if he disagreed with the Appeals Council's action, he could request judicial review of that action by filing a civil

ORDER - 3

action in federal court within 60 days. *Id.* at pp. 22-25. Accordingly, plaintiff was presumed to have received the Notice on April 4, 2016, five days after the date on the Notice, and would thus have had to file his complaint by no later than June 3, 2016, to be timely. Plaintiff's counsel at the time, however, did not file the complaint until June 6, 2016. Dkt. 1.

The complaint alleges, however, that the Notice was received on April 5, 2016, instead of April 4, 2016, the presumed receipt date. *Id.* at p. 2. "A claimant can rebut [the] presumption [that the Notice was received five days after the date of the Notice,] by making a 'reasonable showing to the contrary' that he did not receive such notice within five days." *McCall v. Bowen*, 832 F.2d 862, 864-65 (5th Cir. 1987) (quoting 20 C.F.R. § 422.210(c)). In *McCall*, the plaintiff "sought to rebut the presumption that he received notice [five days after the date it was mailed,] by offering his affidavit and his attorney's affidavit stating that neither of them received notice" until several months later. 832 F.2d at 864.

In finding the submission of the affidavits to be "insufficient to rebut the presumption of notice," the Fifth Circuit stated:

> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the [Commissioner]'s notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the [Social Security] Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the [Commissioner]'s decision.

*Id.* (quoting *Rouse v. Harris*, 482 F.Supp. 766, 769 (D.N.J. 1980)); *see also Pettway v. Barnhart*, 233 F.Supp.2d 1354, 1356 and n.3 (S.D. Ala. 2002) (noting that "[c]ourts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption."). Similarly, here plaintiff offers nothing more than the bare assertion that neither

ORDER - 4

he nor his attorney received the Notice within the presumed time period. Accordingly, the Court finds plaintiff has failed to rebut that presumption.

Failure to file the complaint within the mandated time period is an affirmative defense, which "is properly raised in a responsive pleading." *Vernon*, 811 F.2d at 1278 (citing FRCP 8(c)). Because the Commissioner raised that defense in her responsive pleading, it is not waived. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) ("The requirement that a claimant appeal an adverse decision within 60 days . . . is waivable."). On the other hand, "as a statute of limitations" the mandated time period "is subject to equitable tolling." *Vernon*, 811 F.2d at 1277. Equitable tolling applies, however, "when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Plaintiff has not made any such showing.

For the reasons set forth above, plaintiff's complaint is untimely. Defendant's motion for summary judgment (Dkt. 10) therefore is GRANTED, and plaintiff's complaint is DISMISSED.

DATED this 19th day of October, 2016.



Karen L. Strombom
United States Magistrate Judge

ORDER - 5